UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| NURJHAN B. GOVAN, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:02CV72 JCH |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment, filed December 30, 2005. (Doc. No. 109). The matter is fully briefed and ready for disposition.

By way of background, Defendants filed their first Motion for Summary Judgment in this matter on September 30, 2005. In an Order entered December 9, 2005, the Court granted summary judgment with respect to Plaintiff's claims of discriminatory discharge, retaliation, due process violation, conspiracy to violate due process, defamation, and whistleblower statute violation. (Doc. No. 95). The Court denied Defendants' Motion for Summary Judgment with respect to Plaintiff's claims of gender and race discrimination in the terms and conditions of her employment. (Id.).[1]

---

[1] Defendants maintain the sole remaining claim in this suit relates to Plaintiff's allegations concerning discrimination in the pay she received while employed at the Moberly Correctional Center ("MCC"). (Defendants' Memorandum in Support of Supplemental Motion for Summary Judgment ("Defendants' Memo in Support"), P. 1). In its Order, however, the Court specifically held Plaintiff would be permitted to testify regarding all allegations of disparate treatment in the terms and conditions of her employment, subject to objections on the basis of hearsay. (See Doc. No. 95, P. 7 n. 4).

In the instant Motion for Summary Judgment, Defendants assert Plaintiff's claim of wage discrimination must be dismissed as untimely,[2] and for failure to exhaust her administrative remedies. (Defendants' Memo in Support, P. 1). Because it is dispositive, the Court will address only Defendants' administrative exhaustion argument.

In <u>Duncan v. Delta Consolidated Industries, Inc.</u>, the Eighth Circuit described Title VII's administrative exhaustion requirement as follows:

> "In Title VII, Congress set up an elaborate administrative procedure, implemented through the EEOC, that is designed to assist in the investigation of claims of....discrimination in the workplace and to work towards the resolution of these claims through conciliation rather than litigation." Title VII requires claimants to timely file a discrimination charge with the EEOC before he or she may bring a Title VII action in court. 42 U.S.C. § 2000e-5(e)(1). It is generally recognized that "'[e]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.'"

<u>Duncan v. Delta Consolidated Industries, Inc.</u>, 371 F.3d 1020, 1024 (8th Cir. 2004) (internal citations omitted).

The Eighth Circuit does not require subsequently-filed lawsuits to mirror the administrative charges. <u>Duncan</u>, 371 F.3d at 1025. Rather, "[a] plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC." <u>Williams v. Little Rock Mun. Water Works</u>, 21 F.3d 218, 222 (8th Cir. 1994) (citations omitted). <u>See also</u> <u>Duncan</u>, 371 F.3d at 1025 (internal quotations and citations omitted) ("the sweep of any subsequent judicial complaint may be [only] as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination.").

---

[2] The Court will not address Defendants' assertion that Plaintiff's entire Complaint in this matter was untimely filed, as it was raised for the first time in Defendants' reply memorandum.

In the instant case, Plaintiff claims her unequal pay claim is "like or reasonably related to" the substance of the charges she brought before the EEOC. (Plaintiff's Memorandum in Opposition to Defendants' Supplemental Motion for Summary Judgment, P. 2). Specifically, Plaintiff notes that her Charge of Discrimination states, *inter alia*, that Plaintiff was, "subjected to differential treatment throughout [her] tenure as a chaplain at MCC." (Id.; see also Charge of Discrimination, Doc. No. 109.3, P. 7).

Upon consideration, the Court finds Plaintiff's claim of wage discrimination is not "like or reasonably related to" the claims presented in her Charge of Discrimination. While the Court is mindful that Plaintiff filed her EEOC charge pro se, and thus the claims therein must be construed charitably, "there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." Duncan, 371 F.3d at 1025 (internal quotations and citations omitted). In the instant case, Plaintiff's Charge of Discrimination before the EEOC presented numerous, extremely specific examples of alleged discrimination, none of which hinted of wage discrimination. See Williams, 21 F.3d at 222, 223. Plaintiff's statement in the charge regarding differential treatment, followed as it was by specific examples not including unequal pay, was insufficient to fulfill her administrative exhaustion requirements. See Faibisch v. Univ. of Minnesota, 304 F.3d 797, 803 (8th Cir. 2002) (citations omitted) ("[Plaintiff] may not make a conclusory statement of sex discrimination in the charge and then file suit on whatever facts or legal theory she may later decide upon.").[3] Plaintiff's claim of discrimination with respect to the pay she received during her employment at MCC must therefore be dismissed as unexhausted.

---

[3] Further, Plaintiff presents no evidence the EEOC actually investigated or attempted to conciliate a charge of discrimination related to alleged wage discrimination. Ross v. City of Independence, 76 Fed.Appx. 108, 109 (8th Cir. 2003) (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 109) is **GRANTED**, and Plaintiff's claim of wage discrimination is **DISMISSED** with prejudice.[4]

Dated this 12th day of January, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[4] As noted above, the Court's ruling does not dispose of the entire case, as Plaintiff remains free to testify regarding other allegations of disparate treatment in the terms and conditions of her employment.